The Honorable Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICIA COLE-TINDALL, in her official
capacity as the King County Sheriff; and KING
COUNTY, a home rule charter county,

                                        Plaintiff,

          vs.

CITY OF BURIEN, a municipal corporation,

                                        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:24-cv-00325-RAJ

PLAINTIFFS' REPLY IN SUPPORT
OF MOTION FOR PRELIMINARY
INJUNCTION

NOTE ON MOTION CALENDAR:
*April 5, 2024*

## I.    INTRODUCTION

After Sheriff Cole-Tindall directed her deputies to suspend enforcement of Burien Ordinance No. 832 due to substantial concerns with its constitutionality, Burien Mayor Kevin Schilling questioned her "authority to determine what is and isn't constitutional" and directed "that's for judges to decide."   Second Declaration of Ann Summers, Ex C.  But now that the constitutionality of Burien's anti-camping ordinance is squarely before this Court, Burien is doing everything it can to avoid a judicial decision on the constitutionality of their novel and hastily adopted ordinance that:

- Criminalizes the use of "prohibited" areas of Burien for "living space" activities at all hours regardless of shelter availability;

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION - 1
[2:24-cv-00325-DWC]

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

- Criminalizes the use of "nonprohibited" areas of Burien for "living space" activities between the hours of 6 a.m. and 7 p.m. regardless of shelter space availability;

- Makes an essential element of the crime turn on an uncodified and unpublished map prepared by the City Manager that deems the bulk of Burien "prohibited" for "living space" activities and allows the City Manager to change the map at any time for any reason;

- Gives legal force and effect to this secret map even when the map itself states that "[t]he City of Burien disclaims any warranty or fitness of use for particular purpose, express, or implied, with respect to this product;"

- Establishes a crime based on application of vaguely defined terms, including "living space" activities that are "nontransitory" and the notion of possessing "indicia of camping" which includes "personal belongings storage";

- Prohibits "living space activities" in areas within 500 feet of *closed* schools, libraries, parks, etc. between the hours of 7 p.m. and 6 a.m. without any governmental interest whatsoever, much less a compelling one; and

- Leaves unhoused persons with no place anywhere in Burien to exercise normal activities of living, or store personal belongings between the hours of 6 a.m. and 7 p.m., contrary to existing Ninth Circuit precedent.

Dkt. 1-5, at 3-4. When considered on the merits, this is not a close case. A preliminary injunction should issue because Burien's unprecedented and poorly drafted Ordinance No. 832 is facially unconstitutional.

## II.    ADDITIONAL FACTS RELEVANT TO MOTION

On March 27, 2024, Burien filed a complaint in Pierce County Superior Court against Sheriff Cole-Tindall and King County, alleging breach of contract based on the Sheriff's refusal to enforce Ordinance 832. That action has been removed to federal court. *City of Burien v. Cole Tindall, et al.*, 2:24-cv-00433-MJP.

Burien failed to provide any declarations contesting the substantive facts submitted by Plaintiffs. As such, this Court is justified in relying on Plaintiffs' undisputed factual averments in deciding this motion. *See* LCR 7(b)(2) ("if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit").

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION - 2
[2:24-cv-00325-DWC]

**Leesa Manio**n (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

1

2

3

### III.   ARGUMENT IN REPLY

**A. Burien Has Failed to Demonstrate Reasonable Cause to Strike or Continue Plaintiffs' Motion**.

Burien's "Objection/Motion to Strike and/or Motion to Continue Preliminary Injunction" substantively challenges this Court's jurisdiction to consider the motion for a preliminary injunction, but also alternatively seeks to strike or continue consideration of that motion.  Dkt. 20. As such, it is essentially an untimely motion for relief from deadline.  This Court should deny Burien's requests to strike or continue the motion or file an additional response.

### 1.   Burien Cannot Demonstrate a Need for More Time When It Filed Its Response Prematurely.

The motion for a preliminary injunction was filed and served on March 14, 2024, with a noting date for April 5, 2024.[1]  Under LCR 7(d)(3), opposition papers were due April 1, 2024. Burien filed its response on March 28, 2024–a full four days prior to the due date.  As such, Burien's claim that it had "insufficient time to adequately prepare a full-throated response" to the motion is belied by its own decision to file its response four days early.  Plaintiffs' motion raises a facial constitutional challenge. Burien does not identify additional facts that need to be developed or additional arguments it could not make in response that could not be developed by April 1. Burien cannot credibly cut four days off its own time to respond and then claim the time period is inadequate.[2]   Moreover, Burien will have ample opportunity to address the merits of the constitutional claims before this Court makes a final determination in this case.

---

[1] Burien admits that on "March 14, 2024, Plaintiffs filed and served the PI Motion."  Dkt. 20 at 7.
[2] Burien's lack of good cause is even more pronounced because it opted to use its available time to prepare and file a separate lawsuit against King County in Snohomish County Superior Court. The *strategic choice* to divert resources to another lawsuit in the face of a pending motion violates Burien's obligation to file "within the time prescribed in LCR 7(d) . . . a brief in opposition to the motion, together with any supporting material."

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION - 3
[2:24-cv-00325-DWC]

**Leesa Manio**n (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

1

2   **2.    Burien's Request for Relief From Deadline Violates the Local Civil Rules and This Court's Standing Order.**

3       The local rules allow a party to file a second Friday motion for relief from deadline.  LCR

4   (d)(2)(A).  But Burien has ignored both this Court's Standing Order (Dkt. 14) and LCR(j), which

5   imposes an affirmative obligation on a party to "contact the adverse party, meet and confer

6   regarding an extension."  Ironically, Burien failed to meet and confer before filing motions

7   predicated on incorrectly arguing that Plaintiffs failed to meet and confer.  Due to its violation of

8   this Court's Standing Order and LCR (j), the request for more time to file an additional response

9   should be stricken.  Burien refused to meet and confer despite multiple offers by King County to

10  do so. *See* Sec. Dec. of Summers, ¶¶ 16-18; Declaration of Erin Overbey, ¶¶ 6, 9-10.

11      The local rules and this Court's chamber procedures on general motions practice give

12  Burien no reasonable expectation that it could file a partial response on March 28 and then be

13  allowed an additional "full throated" response at a later date. The local rules plainly state:  "Parties

14  should not assume that the motion will be granted and must comply with the existing deadline

15  unless the court orders otherwise."  LCR 7(j).  Likewise, this Court's chamber's procedures direct

16  that "[d]eadlines remain operational until the Court has ruled on a motion to extend those

17  deadlines."[3]

18      **3.    This Case Was Assigned to Judge Christel When Plaintiffs Filed and Served Their Motion and This Court's Standing Order Did Not Apply.**

19      Burien moves to strike the motion for a preliminary injunction claiming it was filed in

20  violation of this Court's Standing Order.  But this case was originally assigned to Judge Christel

21  under case number 2:24-cv-00325-DWC until March 15. Dkt. 6, 13. Judge Christel imposed no

22

23  _____

[3] In order to avoid this problem, both this Court's chambers procedures and the local rule direct that parties should filed motions to extend a deadline well in advance of the actual deadline.  LCR 7(j).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION - 4
[2:24-cv-00325-DWC]

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

requirement that parties meet and confer prior to filing a motion. The motion for preliminary injunction was filed on March 14 in full compliance with all applicable rules and orders.

The Standing Order was issued on March 15, when this case was reassigned to this Court. No language in the Standing Order requires a party to strike all pending motions and refile only after compliance with the Standing Order.   The Standing Order's "meet and confer" requirement applies only to "counsel contemplating ***the filing*** of *any* motion," not to counsel who previously filed a motion before the Standing Order applied to the case.  Dkt. 14, at 5 (bolded emphasis added).  Burien's claim that Plaintiffs violated the Standing Order on March 14 is meritless.  *See e.g. Mykland v. CommonSpirit Health*, 3:21-CV-05061-RAJ, 2021 WL 4209429, at *4 (W.D. Wash. Sept. 16, 2021) ("Put simply, CommonSpirit filed its motion before the Court entered its standing order, so the meet and confer requirement did not apply at the time, and the Court will not strike the motion to dismiss.")

### 4.    Burien Cannot Use A Conflict That It Precipitated to Justify Striking or Continuing This Motion.

Burien claims that Plaintiffs somehow "delayed Burien's ability to respond to the Motion by (wrongly) asserting that Burien's chosen outside counsel . . . were barred from representing Burien due to a perceived conflict."  Dkt. 20 at 2-3.  But Burien misrepresents both its role in precipitating the conflict problem and its chosen counsels' truncated view of professional ethics.

At the time that the Williams Kastner law firm accepted this case, King County was an active client of the firm.  Indeed, in discussions with Plaintiffs' counsel on Friday, March 15, 2024, Burien's City Attorney acknowledged the conflict presented by Williams Kastner representing Burien and asked King County to consider a waiver.  Dec. of Overbey, ¶ 6.  On Monday, March 18, 2023, consistent with both the Rules of Professional Conduct and its long-held policy, King County informed Burien that is would not waive the conflict.  *Id.*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION - 5
[2:24-cv-00325-DWC]

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

1   *Despite actual notice of the conflict and King County's unwillingness to waive* it, on March

2   20, 2024, Williams Kastner filed a notice of appearance. Dkt. 16.  After Mr. Brown advised King

3   County of his firm's appearance and made a number of demands adverse to Plaintiffs' interests,

4   King County promptly objected to the continued involvement of Williams Kastner in the case; it

5   did not consent to having the firm appear in opposition to its current client, King County.[4]  In the

6   five days between March 20 and March 25, no one from the Williams Kastner firm contacted

7   Plaintiffs' counsel to address the conflict problem.  Sec. Dec. of Summers, ¶ 14; Dec. of Overbey,

8   ¶ 7.

9   Much to King County's surprise, Williams Kastner persisted in representing Burien in

10  litigation against a current client.  On March 25, 2024, Mr. Brown presented a letter in which he

11  claimed that King County had "pre-waived" the conflict, thereby permitting Williams Kastner to

12  appear in opposition to King County.  *See* Dkt. 21, Dec. of Brown, Ex. G.  But the alleged pre-

13  waiver letter said nothing about appearing opposite King County in future litigation and certainly

14  did not constitute informed consent.[5]  *See* RPC 1.7 (b)(4).

15  Despite the conflict precipitated by Burien and perpetuated by Williams Kastner, Sheriff

16  Cole-Tindall and King County continue to believe that the public interest demands prompt and

17  timely resolution of this motion regarding the constitutionality of Burien Ordinance No. 832.  As

18  such, rather than risk delay, King County informed Williams Kastner that it would waive the

19  conflict of interest on March 25, seven days before the response to this motion was due.  Sec. Dec.

20

21  _____

22  [4] King County is a single legal entity under Washington law.  Rev. Code of Wash. 36.01.010.
    [5] Just a few days later, Williams Kastner would take its position one step farther by actively suing
    its then current client in Snohomish County.  At no time did Williams Kastner contact King County
23  for an RPC 1.7(b)(4) informed consent waiver specific to its representation of Burien against King
    County.  King County has subsequently fired Williams Kastner from representation of King
    County in other matters.  Dec. of Overbey, ¶ 8.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION - 6
[2:24-cv-00325-DWC]

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

1  of Summers, ¶ 16.  But even prior to that waiver, Williams Kastner had clearly full undertaken

2  representation of Burien, insisting that there was no conflict. Under these circumstances, this Court

3  should flatly deny Burien's untimely request for relief from the applicable deadline.

4  **B.    This Court Has Subject Matter Jurisdiction Because This Dispute Is Based on the Constitutionality of Ordinance 832 and Plaintiffs Have Established Standing**.

5

6          Burien makes a cursory challenge to this Court's subjection matter jurisdiction, without

7  citing any authority.  Dkt. 20, at 4 ("this Court does not currently have subject matter jurisdiction

8  over this matter under 28 U.S.C. § 1331").  As pointed out in the complaint, the heart of this dispute

9  is a federal question:  whether Ordinance No. 832 is facially unconstitutional under the Eighth and

10  Fourteenth Amendments. Dkt. 1.  The fact that the answer to this federal question determines the

11  parties' obligations under the Interlocal Agreement contract for police services (the "ILA") does

12  not remove the matter from this Court's Article III jurisdiction.  *See Powell v. McCormack*, 395

13  U.S. 486, 514 (1969) (quoting *Bell v. Hood*, 327 U.S. 678, 685 (1946)) ("It has long been held that

14  a suit 'arises under' the Constitution if a petitioner's claim 'will be sustained if the Constitution *

15  * * (is) given one construction and will be defeated if (it is) given another.'").

16          As a party to the ILA with the obligation to police in a constitutional manner, Plaintiffs

17  have standing to raise this federal question.  In retaliation for Plaintiffs' refusal to enforce an

18  unconstitutional injury and consistent with the allegations in the complaint, it is undisputed that

19  Burien has declared King County in breach of the ILA, taken actions to withhold ILA payments

20  for all police services, and filed suit against the county for alleged breach of the ILA.  Such

21  economic injury has long been recognized as a sufficient basis for standing. *Sierra Club v. Morton*,

22  405 U.S. 727, 733-34 (1972).  Moreover, as alleged in the complaint, the record is uncontroverted

23  that the Sheriff and her deputies face the loss of professional certification and personal damages

   for enforcing unconstitutional laws.  *See* RCW 43.101.105(3)(j)(ii), (iv) (a law enforcement officer

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION - 7
[2:24-cv-00325-DWC]

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

1  can lose their certification and livelihood by engaging in conduct that "demonstrates an inability

2  or unwillingness to uphold the officer's sworn oath to enforce the Constitution and laws of the

3  United States and the state of Washington").

4      The imminent threat of economic injury to the Sheriff  and King County is directly

5  traceable to Burien's enactment of Ordinance No. 832 and Burien's insistence on its enforcement.

6  The threatened injury would be redressed by a declaratory judgment from this Court because it can

7  be assumed that government actors will abide by a federal court's authoritative interpretation of

8  the constitutionality of a law. *Franklin v. Massachusetts*, 505 U.S. 788, 803 (1992). *See also Reed*

9  *v. Goertz*, 598 U.S. 230, 234 (2023) (holding that plaintiff had standing because if the Court

10  determined that challenge statute violated due process it was "substantially likely" that the state

11  actors would abide by the court order).

12      Without citation to authority, Burien argues  that the ILA somehow deprives this Court of

13  jurisdiction over the constitutional question because the ILA contains a partial dispute resolution

14  procedure.  Burien prefers to have its novel unlawful camping ordinance actively enforced and

15  insulated from judicial review pending consideration by a panel of mayors. But  Burien's argument

16  ignores the fundamental fact that this dispute turns on the constitutionality of Ordinance No. 832—

17  a question that Burien's own mayor recognizes is within the sole province of this Court.

18      Administrative remedies that are inadequate need not be exhausted.  *Coit Independence*

19  *Joint Venture v. Federal Sav and Loan Ins. Corp.,* 489 U.S. 561, 587 (1989). Likewise, contractual

20  remedies that are inadequate to resolve constitutional questions need not be exhausted. *Clayton v.*

21  *International Union, et al.*, 451 U.S. 679, 693 (1981) (exhaustion of contractual remedies not

22  required where exhaustion would be a useless gesture).  Taking a constitutional question before an

23  ILA Oversight Committee of mayors cannot resolve this  constitutional dispute.  *Marbury v.*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION - 8
[2:24-cv-00325-DWC]

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

*Madison*, 5 U.S. 137, 177, 2 L. Ed. 60 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is.").

The ILA does not, and could not, require KCSO employees to enforce a facially unconstitutional ordinance. First, the terms of the ILA provide only that disputes over "operational problems" and disputes involving the interpretation of the ILA shall be referred to the Oversight Committee. Dkt. 1-1, at 14. But the dispute in this case is neither a dispute over an "operational problem" nor a dispute over the terms of the ILA. It is solely a dispute over the constitutionality of Ordinance No. 832, and thus it is a dispute which the Oversight Committee lacks authority to resolve.

Neither the Burien City Manager nor the Oversight Committee have authority under the ILA to dictate police practices, including the oathbound duty of the Sheriff and her deputies to police in a constitutionally compliant manner. For example, under the ILA, the parties agree that authority over issues regarding the "use of force," a constitutional question, "fall[s] within the purview of the KCSO." Dkt. 1-1, at 21. *See County of Los Angeles, Calif v. Mendez*, 581 U.S. 420, 427 (2017) (explaining that the reasonableness of force used by law enforcement is governed by the Fourth Amendment). The professional and constitutional aspects of policing are matters determined by KCSO based on direction from the courts, not the ILA's Oversight Committee.

If the ILA did require KSCO deputies to violate the constitutional rights of citizens at the direction of the City Manager or the Oversight Committee, it would be unenforceable as violative of public policy under Washington law. Provisions of a contract are unenforceable on grounds of public policy when the interest in their enforcement is clearly outweighed by a public policy against the enforcement the provision. *LK Operating, LLC v. Collection Grp., LLC*, 181 Wash.2d 48, 85, 331 P.3d 1147 (2014). A contract provision that requires a constitutional violation is

**Leesa Manio**n (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

1    unenforceable as against public policy.  *See Jorguson v. Apex Gold Mines Co.*, 74 Wash. 243, 247,

2    133 P. 465 (1913); *City of Seattle, Seattle Police Dep't v. Seattle Police Officers' Guild*, 17 Wash.

3    App. 2d 21, 38, 484 P.3d 485 (2021) (concluding that the right to be free from excessive force

4    based on the constitution was an explicit, dominant and well-defined public policy such that

5    arbitration award was invalid as violating it).

6        Because this case squarely presents a question of federal constitution law, Plaintiffs have

7    standing to raise this question.  A detour through the ILA Oversight Committee is both unnecessary

8    and futile.  This Court has jurisdiction to decide the case.

9    **C.     Plaintiffs Have Met the Burden for a Preliminary Injunction.**

10       It is telling that Burien presents no cognizable argument that Ordinance No. 832 is

11   constitutional.  As noted in the motion and the introduction to this reply brief, the plain language

12   of Burien's ordinance inexorably leads to the conclusion that it violates the U.S. Constitution.

13       Ordinance 832 creates a new criminal violation, and there is little doubt that the definition

14   of that crime turns on a number of vague and ill-defined terms like "living space" activities,

15   "exercise of nontransitory control," and "indicia of camping."  "In a facial vagueness challenge,

16   the ordinance need not be vague in all applications if it reaches a 'substantial amount of

17   constitutionally protected conduct.'" *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 940,

18   (9th Cir. 1997) (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S.

19   489, 494 (1982)).  Notably, Burien proposes no narrowing construction that could render

20   Ordinance 832 constitutional, nor could it consistent with the language of the ordinance.

21       Fair notice of a criminal violation of the ordinance is completely absent.  Burien does not

22   address the fact that "non-prohibited location[s]" where a person *ostensibly* could "camp, dwell,

23   lodge, reside, sleep or exercise nontransitory exclusive control over" between the hours of 7 p.m.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION - 10
[2:24-cv-00325-DWC]

**Leesa Manio**n (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

and 6 a.m. "if there is no available overnight shelter" can only be determined by an unofficial, unpublished map that can be changed at any time at the discretion of the City Manager. *See* Ordinance 832, enacted as Burien Municipal Code 9.85.150(1)(a)-(b), 2(a), (3); Dkt. 1-5, at 4-5; Dkt. 1-6, at 4.[6] Burien has offered no cogent argument that Ordinance 832 provides fair notice to citizens as to what conduct is prohibited and what is permitted.

Burien has failed to offer any cogent argument on how Ordinance No. 832 comports with the right to travel and the right to loiter in public places for innocent purposes, which are grounded in the Fourteenth Amendment. It offers no governmental interest, much less a compelling and narrowly tailored one, for keeping homeless persons 500 feet from *closed* schools, parks, daycares and libraries during overnight hours. It does not explain how closing **all** of Burien's public property to "living space" activities between the hours 6 a.m. and 7 p.m. is remotely rational and not arbitrary.

Nor does Burien address the Eighth Amendment claim or attempt to distinguish *Johnson v. Grants Pass*, *supra,* and other controlling Ninth Circuit Precedent. Viewing these constitutional claims either alone or together, Plaintiffs have demonstrated a likelihood of success.

Sheriff Cole-Tindall and King County have also shown the likelihood of irreparable harm. Burien has not only withheld payments under the ILA, but recently sued King County in a separate matter to compel enforcement of an unconstitutional ordinance. As a state actor, Burien is attempting to use its authority to require unconstitutional and illegal law enforcement action.

---

[6] Not only is the City Manager's map not posted, the current version of Burien Municipal Code 9.85.150 is itself not posted on the City's website, even though the changes to the code became effective upon adoption of Ordinance 832 on March 4, 2024.
https://www.codepublishing.com/WA/Burien/#!/Burien09/Burien0985.html#9.85.150

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION - 11
[2:24-cv-00325-DWC]

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

Finally, a preliminary injunction is in the public interest. The claims at issue involve not only the rights of Sheriff Cole-Tindall and King County, but also the constitutional rights of citizens who are extremely vulnerable and thus most in need of constitutional protections.  To be sure, by targeting unhoused persons with draconian restrictions on "living space" activities under threat of criminal prosecution, Burien's readily apparent objective is to force its unhoused residents to flee the city limits.  Any delay in resolution of this motion serves that purpose by allowing Burien to maintain an ordinance that makes an entire class of people both unwelcome and scapegoated.  A preliminary injunction serves the public's general interest in upholding federal constitutional rights. *Boyd v. City of San Rafael*, 2023 WL 6960368, at *28 (N.D. Cal. Oct. 19, 2023) (granting limited preliminary injunction in regard to ordinance limiting homeless encampments).

### IV.    CONCLUSION

For these reasons, Plaintiffs' motion for a preliminary injunction should be granted.

*I certify that this Memorandum contains 3,626 words in compliance with Local Civil Rules.*

DATED this 5th day of April, 2024.

LEESA MANION (she/her)
King County Prosecuting Attorney

By: _____
ANN M. SUMMERS, WSBA #21509
ERIN OVERBEY, WSBA #21907
Senior Deputy Prosecuting Attorneys
Attorneys for Plaintiff
701 Fifth Avenue, Suite 600
Seattle, WA 98104
Tel: (206) 477-1120 / Fax: (206) 296-0191
ann.summers@kingcounty.gov
eroverbey@kingcounty.gov

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION - 12
[2:24-cv-00325-DWC]

**Leesa Manio**n (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

1

## <u>CERTIFICATE OF FILING AND SERVICE</u>

2

I hereby certify that on April 5, 2024, I electronically filed the foregoing document with

3

the Clerk of the Court using the CM/ECF electronic filing system which will automatically send

4

electronic copy of the preceding to the following parties:

5

Daniel A. Brown, WSBA #22028

Sean D. Leake, WSBA #51451

6

Sumeer Singla, WSBA #32852

WILLIAMS, KASTNER & GIBBS PLLC

7

601 Union Street, Suite 4100

Seattle, WA 98101-2380

8

dbrown@williamskastner.com

sleake@williamskastner.com

9

ssingla@williamskastner.com

***Attorneys for Defendant City of Burien***

10

I declare under penalty of perjury under the laws of the United States of America and the

11

State of Washington that the foregoing is true and correct.

12

13

DATED this 5th day of April, 2024.

14

15

_____

RAFAEL A. MUNOZ-CINTRON

16

Paralegal I

King County Prosecuting Attorney's Office

17

18

19

20

21

22

23

PLAINTIFFS' REPLY IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION - 13
[2:24-cv-00325-DWC]

**Leesa Manio**n (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191