DocuSign Envelope ID: 26E0ACEC-6E1A-46D3-BF10-CFEDE8DA3EEE

The Honorable Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA COLE-TINDALL, in her official capacity as the King County Sheriff; and KING COUNTY, a home rule charter county,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BURIEN, a municipal corporation,<br><br>Defendant. | No. 2:24-cv-00325-RAJ<br><br>DECLARATION OF ERIN OVERBEY |

I, Erin Overbey, declare that:

1.      I am over eighteen years of age.  I have personal knowledge of the facts contained in this declaration and am otherwise competent to testify to the matters in this declaration.  I am the General Counsel for the King County Sheriff's Office and a Senior Deputy Prosecuting Attorney for King County.

2.      I assisted in the preparation of the Complaint filed by Plaintiffs Sheriff Cole-Tindall and King County (together "Plaintiffs") in this matter.  The Complaint was filed on March 11, 2024.  Dkt. 1.  By email, my co-counsel (Ann Summers) and I provided a courtesy copy of the complaint and associated filings to Burien City Attorney Garmon Newsome that same day.  We also asked if Burien would waive service pursuant to Fed. R. Civ. P. 4.  He did

DECLARATION OF ERIN OVERBEY - 1
[2:24-cv-00325-DWC]

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

1    not respond.

2        3.      On March 13, 2024, by docket entry, the clerk assigned Judge David W. Christel

3    to the case. On the same day, the Court issued the summons, which reflected Judge Christel's

4    assignment.  Dkt. 6 (case number 2:24-cv-00325-DWC).

5        4.      The next day, March 14, 2024, with the case still assigned to Judge Christel,

6    Plaintiffs filed their Motion for Preliminary Injunction and associated pleadings.  Judge Christel

7    issued no standing order to the parties supplementing the basic requirements of the local civil

8    rules, nor does Judge Christel's page on the Court's website instruct litigants on any special

9    conditions precedent to filing a motion for preliminary injunction.

10       5.      On March 15, 2024 at 11:33 a.m., the Court reassigned Plaintiffs case against

11    Burien from Judge Christel to Judge Richard Jones. ECF notice re-assigning the case to Judge

12    Jones is time stamped 11:33 PDT on March 15, 2024. Late in the afternoon of March 15 (I was

13    the central time zone that day) I learned there was a standing order issued by Judge Jones.  I

14    noted the requirement to meet and confer, prior to filing a motion in his court. No one had yet

15    entered a notice of appearance on behalf of the City, so I contacted the Burien City Attorney and

16    provided him a courtesy copy of the standing order.  A true and correct copy of our email

17    correspondence is attached to this declaration and marked as **Exhibit A.**

18       6.      Although there was no standing order regarding a requirement to meet and confer

19    at the time we filed our Motion for Preliminary Injunction, we decided to seek a conference

20    anyway. It was unclear who we could confer with, so I started with the City Attorney. During a

21    phone call on the afternoon of Friday March 15, 2024, I asked City Attorney Garmon Newsome

22    if he had information on who would be representing the City. He advised there might be a

23    conflict with the firm Williams Kastner, and I asked if he would like me to see if the County

DECLARATION OF ERIN OVERBEY - 2
[2:24-cv-00325-DWC]

**Leesa Manio**n (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

DocuSign Envelope ID: 26E0ACEC-6E1A-46D3-BF10-CFEDE8DA3EEE

would waive the conflict. I did so and provided a response on the waiver issue on the Morning of March 18, 2024. Consistent with its prior policy and the Rules of Professional Conduct, King County refused to waive the conflict. King County was an active client of the Williams Kastner law firm. I offered to make myself available that day or the following day to meet and confer with whomever would be representing the City. I received no reply to this offer to confer. On March 20, 2024, I checked in again for proposed dates and times to confer. Mr. Newsome responded they were working on it, but no proposal on when to do so. A true and correct copy of our email correspondence is attached to this declaration and marked as **Exhibit B**.

7. On the afternoon of March 20, 2024, Dan Brown, a partner at the Williams Kastner law firm, advised that he would be appearing in the matter (despite the County's position that it is a client of that firm and did not waive the conflict). He sent a copy of the standing order back to us, alleging that we failed to comply with its terms and should strike the Motion for Preliminary Injunction. He did not offer any dates or times for a conference. I responded the same day, reasserting the County's position on waiver of conflict. We did not feel it was appropriate to discuss the Burien case with Williams Kastner because King County was a current client of the firm and King County had not waived the conflict. I shared with him prior correspondence between his firm and the County when his firm sought to take a case adverse to the County and asked that he continue to adopt the philosophy – reflected by his partner's correspondence -- that "the client gets to make these decisions". See Exhibit B. We heard nothing further until March 25, 2024. We hoped the City was using this time to retain a firm which did not have the County as a client.

8. On March 25, 2024, Mr. Brown provided a letter from August of 2023, claiming that it was a prospective waiver of conflict of this and other claims adverse to the County that

DECLARATION OF ERIN OVERBEY - 3
[2:24-cv-00325-DWC]

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

DocuSign Envelope ID: 26E0ACEC-6E1A-46D3-BF10-CFEDE8DA3EEE

1   would apply to a litigation matter. King County did not agree that this prospective waiver was

2   effective for litigation matters, or that it constituted informed consent under RPC 1.7. Certainly,

3   although King County was a current client of the Williams Kastner firm, no one from Williams

4   Kastner had approached King County to provide informed consent and seek a waiver specific to

5   the Burien case. Nevertheless, after internal discussions, we decided not to engage in ongoing

6   disputes on this particular conflict because we did not want to delay resolution of the Preliminary

7   injunction motion, which needed prompt resolution consistent with the public interest. Under

8   these circumstances, King County determined to waive the conflict. It has since fired the

9   Williams Kastner firm from other King County matters.

10      9.      Senior DPA Ann Summers, also appearing in this case, responded to Mr. Brown's

11  unfounded assertions and offered **three dates** and a range of times we could be available for a

12  conference. We received no response. See **Exhibit A**. The same email from Ms. Summers

13  provided Williams Kastner with notice that the County filed its Motion for Preliminary

14  Injunction the *day before* the Court's standing order, which was also readily apparent from the

15  docket.

16      10.     On March 28, 2024, Mr. Brown forwarded a copy of a related lawsuit the City

17  filed on March 27, 2024 in Snohomish County and asked for acceptance of service. I advised

18  that I would accept service on behalf of the Sheriff, who is also named in the City's complaint.

19  However, King County requires service through methods specified in the King County Code,

20  including a simple and free option via email. Also, on March 28, 2024, I received a copy of the

21  City's Objection and Motion to Strike and Motion to Continue the Preliminary Injunction. (Dkt

22  20). At no time prior to filing motions on March 28, 2024, did Mr. Singla, Mr. Brown or any

23  other person at the Williams Kastner firm contact the County through its counsel of record to

DECLARATION OF ERIN OVERBEY - 4
[2:24-cv-00325-DWC]

**Leesa Manio**n (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

seek a conference regarding any motion to strike or continue or provide relief from deadlines related to Plaintiffs' motion for preliminary injunction.

I declare under penalty of perjury under the laws of the United States and the State of Washington that, to the best of my knowledge, the foregoing is true and correct.

DATED and SIGNED this 5th day of April, 2024, in Seattle, Washington.

DocuSigned by:

*Erin Overbey*

AF6F190577A4D3...

ERIN OVERBEY

DECLARATION OF ERIN OVERBEY - 5
[2:24-cv-00325-DWC]

**Leesa Manion** (she/her)
Prosecuting Attorney
CIVIL DIVISION, Litigation Section
701 Fifth Avenue, Suite 600
Seattle, Washington 98104
(206) 477-1120 / Fax (206) 296-0191

DocuSign Envelope ID: 26E0ACEC-6E1A-46D3-BF10-CFEDE8DA3EEE

# Exhibit A

| | |
|---|---|
| **From:** | Summers, Ann |
| **To:** | Brown, Daniel; Overbey, Erin |
| **Cc:** | Leake, Sean |
| **Subject:** | RE: Standing Order—Service Arrangements |
| **Date:** | Monday, March 25, 2024 1:42:31 PM |
| **Attachments:** | image002.png |
| | image003.png |

Dan -   Thank you for your response.  We hope your daughter is doing well now.

We may not be in complete agreement about the scope of the August 8, 2023 letter that you provided.  We do not interpret it as constituting a blanket waiver of all potential future conflicts, and hope that Williams Kastner will consult with King County before agreeing to represent clients with interests adverse to King County going forward.  However, we do not wish to delay consideration of our motion for preliminary injunction in this matter.  So, for purposes of the above-referenced lawsuit, we do not object to you and Sean Leake representing the City of Burien in this matter, provided that you have erected the ethical walls referenced in the August 8, 2023 letter so that no attorney or staff member representing Burien in this matter has access to the files in the *Sceals* matter or the North Lake Union environmental matter currently being handled by Mark Myers of your firm, or any other matters in which your firm represents King County.

In addition, we are not in agreement regarding the requirement for us to meet and confer prior to filing our motion for preliminary injunction.  The motion was filed and served on March 14 when the case was assigned to Magistrate Judge Christel and the standing order did not apply. On March 15, the case was reassigned from Judge Christel to Judge Jones, and on March 15 Judge Jones issued his standing order.  While it is true that the standing order now requires motions filed after March 15 to satisfy the "meet and confer" requirement imposed, the motion for preliminary injunction was filed before the standing order was entered and thus that requirement was not  in place at the time of its filing.  The motion was properly noted and served.  We have provided copies of everything filed with the court in this case with Burien City Attorney Newsom by email as a professional courtesy and, after the standing order was issued, sought a time to meet and confer.  We heard nothing from Mr. Newsom about the request to meet and confer, but instead received your notice of appearance on March 20.

Similarly, in our opinion your client has been properly served *twice* with the summons and complaint through the city clerk, consistent with RCW 4.28.080(2) and FRCP 4(j):  on March 14 (Dkt. 14) and on March 18 (Dkt. 15), pursuant to the standing order.  FRCP 4(c)(2) only precludes a *party* from serving a summons and complaint.  Courts have held that the rule does not bar an employee of a party from serving a summons and complaint.  *See U.S. v. Kahn*, 2003 WL 22384761 at *2 (2003) (holding that "[t]he phrase 'any person who is not a party' does not preclude service of process by the representative [employee] of a party."); *De Vos & Co. v. Profilati Italia S. r. l.*, 1997 WL 109474 at *3 (S.D.N.Y. 1997) (service of process was served correctly although the person who delivered the process was an employee of the plaintiff); *Play By Play Toys & Novelties, Inc. v. De Chai Industria E Commercio de Roupas LTDA*, 2000 WL 33348787 (2000) (stating that a Senior Vice President of plaintiff corporation, who is also an in-house counsel for the Plaintiff corporation, may deliver the service of process); *Acosta v. Private Cops Sec., Corp.*, CV 17-01707 (DRD), 2018 WL 11247255, at *1 (D.P.R. June 11, 2018) (stating that FRCP 4(c )(2) does not bar an employee from serving a summons and complaint); *United States v. Gregor*, 86 C 8103, 1989 WL 6388, at *1 (N.D. Ill. Jan. 26, 1989) (employee of United States was not a party and properly served the summons and complaint).  Moreover, deputies of the sheriff are specifically authorized under state law to serve process in civil cases pursuant to RCW 36.28.020.

There does not seem to be any question that the Burien City Clerk has been served with full copies of the summons, complaint, standing order, the motion for preliminary injunction and supporting documents.

If you wish to confer either on your proposed motion to strike, or on our motion for preliminary injunction, Erin

==and I are available today at 3:30, tomorrow at 11:30, 2:30 or 3:00 or Wednesday between 8:30 to 10:30, at 1:00 or 3:30.==  We appreciate the collegiality of your email and look forward to litigating this matter in the same manner.

Thank you,

Ann



**ANN SUMMERS** (she/her)
SENIOR DEPUTY PROSECUTING ATTORNEY, CIVIL DIVISION, GOVERNMENT AFFAIRS AND LITIGATION
King County Prosecuting Attorney's Office

701 Fifth Avenue, Suite 600, Seattle, WA 98104
O: (206) 477-1909
E: ann.summers@kingcounty.gov

---

**From:** Brown, Daniel <dbrown@williamskastner.com>
**Sent:** Monday, March 25, 2024 10:16 AM
**To:** Overbey, Erin <eroverbey@kingcounty.gov>; Summers, Ann <Ann.Summers@kingcounty.gov>
**Cc:** Leake, Sean <SLeake@williamskastner.com>
**Subject:** RE: Standing Order—Service Arrangements

[EXTERNAL Email Notice! ] External communication is important to us. Be cautious of phishing attempts. Do not click or open suspicious links or attachments.

Erin/Ann,

I apologize for the delay in responding to the below, but I was suddenly called to Tucson last Thursday early a.m. for my daughter (a UofA freshman), who had been taken to the hospital suddenly, so I was not able to give this matter my attention until this weekend when I returned to Seattle.

Having now done so, I assure you that we take our ethical obligations seriously, but it seems you may not have been kept in the loop, so to speak, with regard to King County and our firm.  Attached is an August 8, 2023 letter sent by my firm, which was consented and agreed to by the Civil Division Chief at the King County Prosecutor's Office, Kimberly Frederick.  As you will see that pursuant to this letter and the County's consent, Williams Kastner is free to represent the City of Burien against the King County Sheriff's Office:

*"We also wish to confirm that under RPC 1.13 (h), the FMD will be our only client in this matter. In addition, another member of the firm, Mark Myers, represents King County Metro and King County Prosecuting Attorney's Office in an unrelated environmental matter concerning North Lake Union. We recognize that we shall be disqualified from representing any other client with an interest materially and directly adverse to the FMD, KCPAO, or King County Metro. King County agrees that, with those exceptions, we are free to represent other clients, including clients whose interests may conflict with King County in matters unrelated to our work for King County.  … To ensure that your information is protected, Williams Kastner will erect an ethical wall so that no attorney or staff member representing King County would represent a party adverse to King County, nor would*

*they have access to your files."*

Rest assured, we have erected the appropriate ethical wall and thus we will continue in our current representation of the City of Burien.

Now that I have addressed your issue, I do need the County's response to my email to you last week. Seeing what you have provided below in your prior communications with the City Attorney directly, it is also clear that the Sheriff's Office was put on notice of its obligations under Judge Jones's standing order to have a *prior* conference *before* filing your motion. With the conflict issue you raised, essentially halting work until I could investigate and respond to you, the now twice failure to respond to a request for a conference, and the deficiencies in service/commencement of the action which made your filing premature in any event, your current pending motion needs to be stricken.

Please do so and let us know when we can confer about your motion and a likely motion the City of Burien will also be filing at the same time. If the County is not going to strike its pending preliminary injunction motion, please advise me of the same so that we can prepare a motion to strike and request appropriate terms for the granting of such a motion. My availability for a substantive conference as required by the Court's order is fairly good. I have availability tomorrow later in the afternoon, and Wednesday and Thursday at various times. Please propose a few days/times that work for whomever will take the lead on your side for such a conference and I will get back to you promptly.

Thank you.

Dan


**Daniel A. Brown**
**Williams Kastner** | Attorney at Law
601 Union Street, Suite 4100
Seattle, WA 98101-2380
P: 206-233-2949 | F: 206-628-6611
www.williamskastner.com | Bio | V-Card



SEATTLE | PORTLAND | SPOKANE

---

**From:** Overbey, Erin <eroverbey@kingcounty.gov>
**Sent:** Wednesday, March 20, 2024 7:17 PM
**To:** Brown, Daniel <dbrown@williamskastner.com>; Summers, Ann <Ann.Summers@kingcounty.gov>
**Cc:** Leake, Sean <SLeake@williamskastner.com>; Bulis, Diane <dbulis@williamskastner.com>; Gruber, Maggi <MGruber@williamskastner.com>; Munoz-Cintron, Rafael <rmunozcintron@kingcounty.gov>; Frederick, Kimberly <Kimberly.Frederick@kingcounty.gov>
**Subject:** FW: Standing Order—Service Arrangements

Hi Dan.

I am forwarding my email to Garmon, which reflects the County's position on representation by your firm. Our system reflects that the County is a client of your firm, on the matter of King County Metro Transit/North Lake Union Environmental Contamination, Client No. 19793,Matter No. 0101. This is an open and ongoing matter, which has so far generated fees in excess of $100,000 to your firm. As I indicated in my email to Garmon, the

County's decision not to waive the conflict is consistent with the County's past practice, including with your firm.

I am also including an email string below, between Mark Myers and Andy Marcuse, which indicates it is the practice of your firm to reach out to the County on potential conflicts before representing a party in a case adverse to the County. I ask that you proceed consistent with Mr. Myers and honor the client decision not to waive conflict on this case.

Prior communications relating to conflict with Williams Kastner:

Thanks for asking Andy. I understand. The client gets to make these decisions.

--Mark

Mark M. Myers
Williams Kastner | Attorney at Law
601 Union Street, Suite 4100
Seattle, WA 98101-2380
P: 206-628-6633 | M: 206-550-7075
www.williamskastner.com | Bio | V-Card

WASHINGTON OREGON


From: Marcuse, Andrew [mailto:Andrew.Marcuse@kingcounty.gov]
Sent: Friday, March 29, 2019 9:45 AM
To: Myers, Mark
Cc: Juliano, Rand; Kriedt, Gary; Greene, John; Wesley, Shane
Subject: RE: Privileged and confidential re: Metro Lake Union

Hi Mark,

I double-checked with the folks who make conflict waiver decisions and they have confirmed my initial response – the County is not inclined to grant a waiver under these circumstances.

Happy to chat further if that would be helpful.

Thanks,

--Andy

Andrew Marcuse | Senior Deputy Prosecuting Attorney
King County Prosecuting Attorney's Office | Civil Division
516 Third Avenue, Suite W400 Seattle, Washington 98104
(206) 477-1120


From: Marcuse, Andrew
Sent: Wednesday, March 27, 2019 10:12 AM
To: 'Myers, Mark' <mmyers@williamskastner.com>

Cc: Juliano, Rand <Rand.Juliano@kingcounty.gov>; Kriedt, Gary <Gary.Kriedt@kingcounty.gov>; Greene, John <jgreene@kingcounty.gov>; Wesley, Shane <SWesley@williamskastner.com>
Subject: RE: Privileged and confidential re: Metro Lake Union

Hi Mark,

Thanks for your email. I am 99% sure the answer is no, we do not waive conflict for matters like this. But I am inquiring to confirm and I will let you know as soon as I have an answer for you.

Best,

--Andy

Andrew Marcuse│ Senior Deputy Prosecuting Attorney
King County Prosecuting Attorney's Office│ Civil Division
516 Third Avenue, Suite W400 Seattle, Washington 98104
(206) 477-1120

From: Myers, Mark <mmyers@williamskastner.com>
Sent: Wednesday, March 27, 2019 9:14 AM

Cc: Juliano, Rand <Rand.Juliano@kingcounty.gov>; Kriedt, Gary <Gary.Kriedt@kingcounty.gov>; Greene, John <jgreene@kingcounty.gov>; Wesley, Shane <SWesley@williamskastner.com>
Subject: RE: Privileged and confidential re: Metro Lake Union

Hi Guys:

One of my colleagues was contacted to represent an individual who was involved in an accident with a Metro bus. I don't know any details other than that. Is this something where you would agree to waive the conflict? Please let me know as soon as you can. Thank you.

--Mark

Mark M. Myers
Williams Kastner | Attorney at Law
601 Union Street, Suite 4100
Seattle, WA 98101-2380
P: 206-628-6633 | M: 206-550-7075
www.williamskastner.com | Bio | V-Card

WASHINGTON OREGON

---

**From:** Overbey, Erin
**Sent:** Monday, March 18, 2024 10:28 AM
**To:** Garmon Newsom II <GarmonN@burienwa.gov>
**Cc:** Summers, Ann <Ann.Summers@kingcounty.gov>; Munoz-Cintron, Rafael <rmunozcintron@kingcounty.gov>; Boe, Theodore <Theodore.Boe@kingcounty.gov>; Nathan Hawthorne <nathanh@burienwa.gov>; Ndiabou

Diagana <ndiaboud@burienwa.gov>
**Subject:** RE: Standing Order—Service Arrangements

Good morning.

I was able to check in with our Chief Civil Deputy this morning regarding the issue of waiver of conflict. She declines to waive the conflict with Williams Kastner.  It is the same position for all cases where the firm is representing the County in another matter and not a unique position specific to this particular lawsuit with Burien.

From the KCSO's perspective there are two primary issues for discussion, which are : 1. the constitutionality of Ordinance 832 ; and 2. actions following the Sheriff's decision not to enforce Ordinance 832, which the KCSO contends are retaliatory. Can you meet and confer on these two issues while the City conducts  a search for outside counsel? Ann is out of the office today and tomorrow, but I can be available either day to do that.

Thank you.

---

**From:** Garmon Newsom II <GarmonN@burienwa.gov>
**Sent:** Friday, March 15, 2024 3:37 PM
**To:** Overbey, Erin <eroverbey@kingcounty.gov>
**Cc:** Summers, Ann <Ann.Summers@kingcounty.gov>; Munoz-Cintron, Rafael <rmunozcintron@kingcounty.gov>; Boe, Theodore <Theodore.Boe@kingcounty.gov>; Nathan Hawthorne <nathanh@burienwa.gov>; Ndiabou Diagana <ndiaboud@burienwa.gov>
**Subject:** Re: Standing Order—Service Arrangements

[EXTERNAL Email Notice! ] External communication is important to us. Be cautious of phishing attempts. Do not click or open suspicious links or attachments.

Hi.

Call me.  Thanks!


Garmon Newsom II

City Attorney


**City of Burien**
(206) 641-1182 Mobile
GarmonN@BurienWA.gov
**BurienWA.gov**

NOTICE OF PUBLIC DISCLOSURE:  This e-mail account is a part of the public domain.  Any correspondence from or to this e-mail account may be a public record.  Accordingly, this e-mail, in whole or in part, may be subject to disclosure according to RCW 42.56, regardless of any claim of confidentiality or privilege asserted by an external party.

**From:** Overbey, Erin <eroverbey@kingcounty.gov>
**Sent:** Friday, March 15, 2024 3:34 PM
**To:** Garmon Newsom II <GarmonN@burienwa.gov>
**Cc:** Summers, Ann <Ann.Summers@kingcounty.gov>; Munoz-Cintron, Rafael <rmunozcintron@kingcounty.gov>;
Theodore Boe (Burien PD) <Theodore.Boe@kingcounty.gov>; Nathan Hawthorne <nathanh@burienwa.gov>;
Ndiabou Diagana <ndiaboud@burienwa.gov>
**Subject:** Re: Standing Order—Service Arrangements

> **CAUTION:** This email originated from **outside** of the City of Burien. Do not click links or open attachments unless you recognize the sender and have verified the contents are safe.

Garmon,

This is my last email of the day—to say that we will plan to keep an appointment with the Clerk at 2 pm for service.

Also, now that you've received the standing order you can see there is a section regarding meeting and conferring (see paragraph 6). Will you be involved in meeting and conferring or is there other counsel involved that I should reach out to? I can be available to do so as early as Monday, but just need to know who to work with.

Thank you.

Get Outlook for iOS

---

**From:** Overbey, Erin <eroverbey@kingcounty.gov>
**Sent:** Friday, March 15, 2024 5:06:05 PM
**To:** Garmon Newsom II <GarmonN@burienwa.gov>
**Cc:** Summers, Ann <Ann.Summers@kingcounty.gov>; Munoz-Cintron, Rafael <rmunozcintron@kingcounty.gov>;
Boe, Theodore <Theodore.Boe@kingcounty.gov>; Nathan Hawthorne <nathanh@burienwa.gov>; Ndiabou
Diagana <ndiaboud@burienwa.gov>
**Subject:** Re: Standing Order—Service Arrangements

Garmon,
I misspoke earlier—we are only reserving the summons complaint along with the standing order. I appreciate the clarification on the timing. It will be presented after 2pm

Get Outlook for iOS

---

**From:** Garmon Newsom II <GarmonN@burienwa.gov>
**Sent:** Friday, March 15, 2024 5:03:06 PM
**To:** Overbey, Erin <eroverbey@kingcounty.gov>
**Cc:** Summers, Ann <Ann.Summers@kingcounty.gov>; Munoz-Cintron, Rafael <rmunozcintron@kingcounty.gov>;
Boe, Theodore <Theodore.Boe@kingcounty.gov>; Nathan Hawthorne <nathanh@burienwa.gov>; Ndiabou
Diagana <ndiaboud@burienwa.gov>
**Subject:** Re: Standing Order—Service Arrangements

> [EXTERNAL Email Notice! ] External communication is important to us. Be cautious of phishing attempts. Do not click or open suspicious links or attachments.

Good afternoon.

I spoke with Ted and told him that Monday, March 18, 2024, works. My understanding is that the Clerk's

Office has said that it could be filed after 2:00 p.m.

I will alert the Clerk's Office that you have a voluminous filing.

Thanks!

Garmon Newsom II

City Attorney

## City of Burien
(206) 641-1182 Mobile
GarmonN@BurienWA.gov
**BurienWA.gov**

NOTICE OF PUBLIC DISCLOSURE: This email account is in the public domain, and any correspondence from or to it may be a public record. Accordingly, this email, in whole or in part, may be subject to disclosure according to RCW 42.56, regardless of any claim of confidentiality or privilege asserted by an external party.

---

**From:** Overbey, Erin <eroverbey@kingcounty.gov>
**Sent:** Friday, March 15, 2024 2:53 PM
**To:** Garmon Newsom II <GarmonN@burienwa.gov>
**Cc:** Summers, Ann <Ann.Summers@kingcounty.gov>; Munoz-Cintron, Rafael <rmunozcintron@kingcounty.gov>; Theodore Boe (Burien PD) <Theodore.Boe@kingcounty.gov>
**Subject:** Standing Order—Service Arrangements

> **CAUTION:** This email originated from **outside** of the City of Burien. Do not click links or open attachments unless you recognize the sender and have verified the contents are safe.

Hi Garmon,

We just receive a copy of the attached standing order in the pending case for preliminary injunction, which requires immediate service. I realize that no one has yet appeared on this case for the City, so I asked Chief Boe if he has the ability to serve the clerk today. He tells me he has spoken with you, that the City's Clerk is gone for the day and that the Clerk will back Monday and available for service. He also passed along that there is no need for an appointment to do that on Monday.

If I have misunderstood any of the directions regarding service on Monday, I would appreciate you letting me know. Otherwise, Chief Boe will make arrangements to serve on Monday. Also, please alert the Clerk and others not to panic if they see a large stack of documents. The way the order is drafted it requires service of the summons, complaint AND standing order together, so that is the way it will be presented. It is not a second suit or request for anything else, it is a copy of what was served yesterday, along with the Court's standing order.

Thank you.

Get Outlook for iOS

DocuSign Envelope ID: 26E0ACEC-6E1A-46D3-BF10-CFEDE8DA3EEE

# Exhibit B

| | |
|---|---|
| **From:** | Garmon Newsom II |
| **To:** | Overbey, Erin |
| **Cc:** | Summers, Ann; Munoz-Cintron, Rafael; Boe, Theodore; Nathan Hawthorne; Ndiabou Diagana |
| **Subject:** | Re: Standing Order—Service Arrangements |
| **Date:** | Wednesday, March 20, 2024 10:48:00 AM |

> [EXTERNAL Email Notice! ] External communication is important to us. Be cautious of phishing attempts. Do not click or open suspicious links or attachments.

Received.

We are working on the meet and confer.  Thanks!

Garmon Newsom II
City Attorney

## City of Burien

(206) 641-1182 Mobile
GarmonN@BurienWA.gov
**BurienWA.gov**

NOTICE OF PUBLIC DISCLOSURE: This email account is in the public domain, and any correspondence from or to it may be a public record. Accordingly, this email, in whole or in part, may be subject to disclosure according to RCW 42.56, regardless of any claim of confidentiality or privilege asserted by an external party.

**From:** Overbey, Erin <eroverbey@kingcounty.gov>
**Sent:** Wednesday, March 20, 2024 10:38 AM
**To:** Garmon Newsom II <GarmonN@burienwa.gov>
**Cc:** Summers, Ann <Ann.Summers@kingcounty.gov>; Munoz-Cintron, Rafael <rmunozcintron@kingcounty.gov>; Theodore Boe (Burien PD) <Theodore.Boe@kingcounty.gov>; Nathan Hawthorne <nathanh@burienwa.gov>; Ndiabou Diagana <ndiaboud@burienwa.gov>
**Subject:** RE: Standing Order—Service Arrangements

> **CAUTION:** This email originated from **outside** of the City of Burien. Do not click links or open attachments unless you recognize the sender and have verified the contents are safe.

Good morning.

I am checking back in to see if there are any proposed dates/times to meet and confer with respect to the motion for preliminary injunction.

Also, in the event you have not yet had a chance to issue a litigation hold at the City, I want to make a formal request that you preserve all records, regardless of form or format, relating to the public camping ordinances, enacted by the City in 2023 and 2024. This includes all documents and records regarding the proposed and final versions of each public camping ordinance, including drafts of such ordinances, all communications, and all documents or records reviewed relating to each public camping ordinance adopted by the City in 2023 and 2024. If there is anything about the preservation of records that is unclear, please let me know so that I can clarify.

Thank you.

---

**From:** Overbey, Erin
**Sent:** Monday, March 18, 2024 10:28 AM
**To:** Garmon Newsom II <GarmonN@burienwa.gov>
**Cc:** Summers, Ann <Ann.Summers@kingcounty.gov>; Munoz-Cintron, Rafael
<rmunozcintron@kingcounty.gov>; Boe, Theodore <Theodore.Boe@kingcounty.gov>; Nathan
Hawthorne <nathanh@burienwa.gov>; Ndiabou Diagana <ndiaboud@burienwa.gov>
**Subject:** RE: Standing Order—Service Arrangements

Good morning.

I was able to check in with our Chief Civil Deputy this morning regarding the issue of waiver of
conflict. She declines to waive the conflict with Williams Kastner.  It is the same position for all cases
where the firm is representing the County in another matter and not a unique position specific to
this particular lawsuit with Burien.

From the KCSO's perspective there are two primary issues for discussion, which are : 1. the
constitutionality of Ordinance 832 ; and 2. actions following the Sheriff's decision not to enforce
Ordinance 832, which the KCSO contends are retaliatory. Can you meet and confer on these two
issues while the City conducts  a search for outside counsel? Ann is out of the office today and
tomorrow, but I can be available either day to do that.

Thank you.

---

**From:** Garmon Newsom II <GarmonN@burienwa.gov>
**Sent:** Friday, March 15, 2024 3:37 PM
**To:** Overbey, Erin <eroverbey@kingcounty.gov>
**Cc:** Summers, Ann <Ann.Summers@kingcounty.gov>; Munoz-Cintron, Rafael
<rmunozcintron@kingcounty.gov>; Boe, Theodore <Theodore.Boe@kingcounty.gov>; Nathan
Hawthorne <nathanh@burienwa.gov>; Ndiabou Diagana <ndiaboud@burienwa.gov>
**Subject:** Re: Standing Order—Service Arrangements

[EXTERNAL Email Notice! ] External communication is important to us. Be cautious of phishing attempts. Do not
click or open suspicious links or attachments.

Hi.

Call me.  Thanks!


Garmon Newsom II
City Attorney

# City of Burien

(206) 641-1182 Mobile

[GarmonN@BurienWA.gov](mailto:GarmonN@BurienWA.gov)

**BurienWA.gov**

NOTICE OF PUBLIC DISCLOSURE: This e-mail account is a part of the public domain. Any correspondence from or to this e-mail account may be a public record. Accordingly, this e-mail, in whole or in part, may be subject to disclosure according to RCW 42.56, regardless of any claim of confidentiality or privilege asserted by an external party.

---

**From:** Overbey, Erin <[eroverbey@kingcounty.gov](mailto:eroverbey@kingcounty.gov)>
**Sent:** Friday, March 15, 2024 3:34 PM
**To:** Garmon Newsom II <[GarmonN@burienwa.gov](mailto:GarmonN@burienwa.gov)>
**Cc:** Summers, Ann <[Ann.Summers@kingcounty.gov](mailto:Ann.Summers@kingcounty.gov)>; Munoz-Cintron, Rafael <[rmunozcintron@kingcounty.gov](mailto:rmunozcintron@kingcounty.gov)>; Theodore Boe (Burien PD) <[Theodore.Boe@kingcounty.gov](mailto:Theodore.Boe@kingcounty.gov)>; Nathan Hawthorne <[nathanh@burienwa.gov](mailto:nathanh@burienwa.gov)>; Ndiabou Diagana <[ndiaboud@burienwa.gov](mailto:ndiaboud@burienwa.gov)>
**Subject:** Re: Standing Order—Service Arrangements

> **CAUTION:** This email originated from **outside** of the City of Burien. Do not click links or open attachments unless you recognize the sender and have verified the contents are safe.

Garmon,

This is my last email of the day—to say that we will plan to keep an appointment with the Clerk at 2 pm for service.

Also, now that you've received the standing order you can see there is a section regarding meeting and conferring (see paragraph 6). Will you be involved in meeting and conferring or is there other counsel involved that I should reach out to? I can be available to do so as early as Monday, but just need to know who to work with.

Thank you.

Get [Outlook for iOS](https://aka.ms/o0ukef)

---

**From:** Overbey, Erin <[eroverbey@kingcounty.gov](mailto:eroverbey@kingcounty.gov)>
**Sent:** Friday, March 15, 2024 5:06:05 PM
**To:** Garmon Newsom II <[GarmonN@burienwa.gov](mailto:GarmonN@burienwa.gov)>
**Cc:** Summers, Ann <[Ann.Summers@kingcounty.gov](mailto:Ann.Summers@kingcounty.gov)>; Munoz-Cintron, Rafael <[rmunozcintron@kingcounty.gov](mailto:rmunozcintron@kingcounty.gov)>; Boe, Theodore <[Theodore.Boe@kingcounty.gov](mailto:Theodore.Boe@kingcounty.gov)>; Nathan Hawthorne <[nathanh@burienwa.gov](mailto:nathanh@burienwa.gov)>; Ndiabou Diagana <[ndiaboud@burienwa.gov](mailto:ndiaboud@burienwa.gov)>
**Subject:** Re: Standing Order—Service Arrangements

Garmon,
I misspoke earlier—we are only reserving the summons complaint along with the standing order. I appreciate the clarification on the timing. It will be presented after 2pm

Get Outlook for iOS

---

**From:** Garmon Newsom II <GarmonN@burienwa.gov>
**Sent:** Friday, March 15, 2024 5:03:06 PM
**To:** Overbey, Erin <eroverbey@kingcounty.gov>
**Cc:** Summers, Ann <Ann.Summers@kingcounty.gov>; Munoz-Cintron, Rafael
<rmunozcintron@kingcounty.gov>; Boe, Theodore <Theodore.Boe@kingcounty.gov>; Nathan
Hawthorne <nathanh@burienwa.gov>; Ndiabou Diagana <ndiaboud@burienwa.gov>
**Subject:** Re: Standing Order—Service Arrangements

[EXTERNAL Email Notice! ] External communication is important to us. Be cautious of phishing attempts. Do not click or open suspicious links or attachments.

Good afternoon.

I spoke with Ted and told him that Monday, March 18, 2024, works. My understanding is that the Clerk's Office has said that it could be filed after 2:00 p.m.

I will alert the Clerk's Office that you have a voluminous filing.

Thanks!

Garmon Newsom II
City Attorney

## City of Burien

(206) 641-1182 Mobile
GarmonN@BurienWA.gov
**BurienWA.gov**
NOTICE OF PUBLIC DISCLOSURE: This email account is in the public domain, and any correspondence from or to it may be a public record. Accordingly, this email, in whole or in part, may be subject to disclosure according to RCW 42.56, regardless of any claim of confidentiality or privilege asserted by an external party.

---

**From:** Overbey, Erin <eroverbey@kingcounty.gov>
**Sent:** Friday, March 15, 2024 2:53 PM
**To:** Garmon Newsom II <GarmonN@burienwa.gov>
**Cc:** Summers, Ann <Ann.Summers@kingcounty.gov>; Munoz-Cintron, Rafael
<rmunozcintron@kingcounty.gov>; Theodore Boe (Burien PD) <Theodore.Boe@kingcounty.gov>
**Subject:** Standing Order—Service Arrangements

**CAUTION:** This email originated from **outside** of the City of Burien. Do not click links or open attachments unless you recognize the sender and have verified the contents are safe.

Hi Garmon,

We just receive a copy of the attached standing order in the pending case for preliminary injunction, which requires immediate service. I realize that no one has yet appeared on this case for the City, so I asked Chief Boe if he has the ability to serve the clerk today. He tells me he has spoken with you,

that the City's Clerk is gone for the day and that the Clerk will back Monday and available for service. He also passed along that there is no need for an appointment to do that on Monday.

If I have misunderstood any of the directions regarding service on Monday, I would appreciate you letting me know. Otherwise, Chief Boe will make arrangements to serve on Monday. Also, please alert the Clerk and others not to panic if they see a large stack of documents. The way the order is drafted it requires service of the summons, complaint AND standing order together, so that is the way it will be presented. It is not a second suit or request for anything else, it is a copy of what was served yesterday, along with the Court's standing order.

Thank you.

Get [Outlook for iOS](Outlook for iOS)