The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA COLE-TINDALL, in her official capacity as the King County Sheriff and KING COUNTY, a home rule charter county,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BURIEN, a municipal corporation,<br><br>Defendant. | NO. 2:24-cv-00325-RAJ<br><br>**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)**<br><br>**Noted for Consideration: May 17, 2024** |

## I. INTRODUCTION AND RELIEF REQUESTED

To remedy the complicated and difficult statewide issue of homelessness while balancing various stakeholders competing needs, the City of Burien ("Burien") enacted Ordinance 818, later amended into Ordinance 827, and then, on March 4, 2024, enacted Ordinance 832 (the "Ordinance") to clarify when and where unhoused individuals can camp in public areas—including in front of schools, libraries, and daycares. King County and its sheriff, Patricia Cole-Tindall (together, "King County") filed suit just days later against Burien seeking a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that the Ordinance is unconstitutional on its face.

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 1**
NO. 2:24-cv-00325-RAJ

7886540.1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

King County's purported basis for filing this suit is that it, through its police services to Burien, would be responsible for enforcing the Ordinance when it *eventually* becomes effective – enforcement that has never come to pass. The relationship between King County, its police, and Burien is governed by an Interlocal Agreement ("ILA") which sets forth specific steps to resolve disputes about King County provision of police services to Burien. Most importantly, this includes the referral of all operational disputes to an Oversight Committee before the parties could consider litigation, and this only when the Oversight Committee was unable to resolve a dispute presented. King County refused to engage in the dispute resolution process before filing the instant action.[1]

Well-established precedent and judicial principles require the Court to dismiss this lawsuit. At the heart of this controversy is simply a breach of contract, governed under the laws of the State of Washington, between two local governments. This Court does not have jurisdiction to adjudicate this case until the contractual dispute resolution process is exhausted, and likely not even then. King County also lacks standing to contest the constitutionality of the Ordinance, which would not be enforced *against* King County, but *by* King County. A government cannot obtain standing and invoke the jurisdiction of a federal court by requesting that court to order it to adhere to the Constitution.

King County has not enforced the Ordinance in any way, much less in an unconstitutional manner, and whether they can enforce the Ordinance in a constitutionally appropriate manner remains completely hypothetical. Simply put, this action is not ripe for any adjudication.

---

[1] Burien has separately filed a breach of contract suit against Plaintiffs in Washington Superior Court to force Plaintiffs to adhere to their contractual obligations (the "ILA Action"). King County improperly removed the ILA Action to this Court, and that removal is currently the subject of a motion to remand before this same Court.

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 2**
NO. 2:24-cv-00325-RAJ

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7886540.1

Finally, this Court has no subject matter jurisdiction to render advisory opinions or declaratory judgments about the constitutionality of governmental enactments in the abstract. The judicial power of the federal courts does not reach that far. Federal courts do not have jurisdiction to decide suits brought by a government entity to declare the validity (or invalidity) of its own acts. The Court should therefore dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(1).

## II. FACTUAL BACKGROUND

On March 4, 2024, Burien passed Ordinance No. 832, which amended the existing Burien Municipal Code ("BMC") 9.85.150 to clarify and enhance its efforts to protect Burien residents, businesses, and property, and to assist and provide clear guidance for the unhoused. *Dkt.* #1-5. The Ordinance is an expansion on an existing prohibition of camping in city parks. The Complaint acknowledges King County has willingly enforced Burien's ordinance banning camping in city parks since 2007. Dkt. #1 at 6, ¶22. The Ordinance prohibits individuals from sleeping overnight on public property <u>if</u> a shelter, bed, or treatment facility is available. *Id.* It also prohibits camping within 500 feet of sensitive sites, such as daycares or schools. *Id.* But, as permitted by BMC 9.85.150, a map allocates portions of Burien, including areas of its downtown, for the unhoused to sleep every night if there are no beds available, while protecting schools, libraries, daycare centers, and critical area from the negative secondary effect of rough sleeping.

Just days after its enactment, King County filed this suit ostensibly seeking a declaratory judgment "from this Court that Ordinance No. 832 is facially unconstitutional and that King County has not breached the ILA because it imposes no obligation on [the King County Sheriff's Office] to enforce laws that are facially unconstitutional." *Dkt*. #1 at 3, ¶6. The Complaint asserts the Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), and 28 U.S.C.

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 3**
NO.  2:24-cv-00325-RAJ

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7886540.1

§ 1367 (supplemental). It also asserts the Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. The two causes of action seek (1) a declaration that the Ordinance is unconstitutional on its face by violating the Eight Amendment and Fourteenth Amendments of the United States Constitution, and (2) a declaration that King County is not in violation of the ILA for refusing to enforce the Ordinance pending a court determination of the Ordinance's constitutionality. *Dkt*. #1 at 17, ¶¶58 – 60.

In communications with Burien, King County admits that the dispute over the Ordinance is an "operational decision." *Dkt*. #1 at 16, ¶54. This is important for two reasons. First, King County admits its sheriff deputies have enforced, since 2007, Burien's prohibition on camping in city parks, and that "[a]rrests were rarely necessary because campers would voluntarily move to locations in Burien where camping was not prohibited." *Dkt*. #1 at 6, ¶22. Furthermore, King County acknowledges that since 2018, there has been precisely one arrest for camping in a Burien park, which "occurred after multiple warnings and connection to service agencies." *Id*.

Second, disputes about "operational decisions" are subject to specific dispute resolution procedures in the ILA, the pertinent provisions of which follows:

> 16.2 <u>Referral of Unresolved Problems</u>. The City Chief Executive Officer shall refer any police service operational problem, which cannot be resolved, to the King County Sheriff. The Sheriff and the City Chief Executive Officer shall meet as necessary to resolve such issues. Unresolved problems shall be referred to the Oversight Committee.
>
> 17.1 <u>Oversight Committee</u>. The City and the County agree to establish an Oversight Committee consisting of the chief executive officers, or their designees, o the cities that contract with the County for law enforcement services, the King County Sheriff, one person designated by the County Executive, and one person designated by the chair of the King County Council's Law, Justice, and Human Services Committee, or its successor.
>
> > 17.2.3 If an operational problem or agreement dispute is referred to the Oversight Committee pursuant to sections 16.2 or 16.3 of this agreement, the Oversight Committee will meet and attempt to resolve the problem or dispute. If the Oversight Committee is unable to resolve the problem or

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 4**
NO. 2:24-cv-00325-RAJ

7886540.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

dispute, the agreement shall be construed in accordance with the laws of the State of Washington.

*Dkt*. #1-1 at 14, ¶¶ 16.2, 17.1, 17.2.3.

The Complaint details the attempt between King County and Burien's City Manager (its "chief executive officer" as used in Section 16.2, *supra*) to resolve the operational issues of the Ordinance. *Dkt*. #1 at 15 – 15, ¶¶51 – 55. When they could not agree, King County was required to have moved to the next step – referral to the Oversight Committee under Section 16.2 and 17.1 – as required by the ILA. The Complaint details Burien's attempt to comply with this provision. *Dkt*. #1 at 1, ¶5 ("The City Manager responded with claims that the Sheriff's refusal to enforce Ordinance No. 832 was a breach of the ILA and that Burien would be hauling King County before an oversight committee"), ¶51 (Burien would "bring the matter before the ILA oversight committee."). King County simply refused to comply with the ILA and engage in the oversight committee process.

While King County alleges "hazards of enforcing an [allegedly] unconstitutional ordinance," the Complaint contains no allegations that a case or controversy is presently before the Court. *Dkt*. #1 at 16, ¶54. King County has yet to enforce the Ordinance against *a single person*, and its Sheriff directed her deputies to not enforce the Ordinance. *Dkt*. #1 at 15, ¶50 ("I am directing you that we will not enforce this particular section of the Burien Municipal Code"). The Complaint does not allege King County or any of its sheriff's deputies have ever been found liable, or even been sued for enforcing either the current Ordinance or Burien's prior camping prohibition measures. And even if they were, the ILA indemnifies King County for precisely this situation:

> The County does not assume liability or responsibility for or in any way release the City from any liability or responsibility which arises in whole or in part from the existence or effect of City ordinances, policies, rules or regulations. If any cause,

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 5**
NO.  2:24-cv-00325-RAJ

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7886540.1

> claim, suit, action or administrative proceeding is commenced in which the enforceability and/or validity of any such City ordinance, policy, rule or regulation is at issue, the City shall defend the same at is whole expense, and, if judgment is entered or damages are awarded against the City, the County, or both, the City shall satisfy the same, including all chargeable costs and reasonable attorney's fees.

*Dkt.* #1-1, at 12, ¶12.3.

King County concedes that it *will not* enforce the Ordinance until the "constitutionality of the public camping ordinance is resolved." *Dkt.* #1 at 16, ¶54. However, King County' only allegation in the Complaint is the existence of the Ordinance, and their present self-imposed inability to enforce it. In short, this case is not fit for judicial review and should be dismissed.

### III. AUTHORITY AND ARGUMENT

#### A. Federal Courts Have Limited Jurisdiction and are Presumed to Lack Jurisdiction

"It is a fundamental principle that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A federal court is presumed to lack jurisdiction in a particular case unless the contrary is affirmatively established. *California ex rel. younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979). When subject-matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir 2009). Unlike a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a Rule 12(b)(1) motion can attack the jurisdictional allegations in the plaintiff's complaint regardless of whether the complaint otherwise sufficiently states a claim. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). A challenge to the court's subject-matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996).

A motion to dismiss for lack of subject matter jurisdiction may attack the allegations of the complaint or may be made as a "speaking motion" attacking the existence

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 6**
NO. 2:24-cv-00325-RAJ

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7886540.1

of subject matter jurisdiction in fact. *Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 890-92 (3d Cir. 1977); *Exchange Nat'l Bank v. Touche Ross & Co.*, 544 F.2d 1126, 1130-31 (2d Cir. 1976). If the jurisdictional issue can be separated from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary. *Mortensen*, 549 F.2d at 891.

### B. King County Has the Burden to Establish an Actual Case or Controversy Needed for Subject Matter Jurisdiction in this Court.

The Complaint alleges this Court has subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Complaint, Dkt. 1, p. 17, ¶¶58 – 61. The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Article III of the Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). "The requirement that a case or controversy exist under the Declaratory Judgment Act is 'identical to Article III's case or controversy requirement.'" *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (quoting *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994)). In this Circuit, courts have "long held that the district court must first inquire whether there is an actual case or controversy within its jurisdiction." *Id.* (citation omitted). "[I]f the court finds that an actual case or controversy exists, the court must decide whether to exercise its jurisdiction by analyzing the factors set out in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942) and its progeny." *Id.* (citation omitted). "The party asserting federal subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citing *Kokkonen*, 511 U.S. at 377).

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 7**
NO. 2:24-cv-00325-RAJ

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7886540.1

## C. The Declaratory Judgment Act Does Not Create a Cause of Action and Plaintiffs Must Allege a Substantive Claim to Otherwise Support Jurisdiction

The Declaratory Judgment Act is not an independent basis for jurisdiction. *Stock West*, 873 F.2d at 1225. "It is well established that the Declaratory Judgment Act does not create an independent cause of action." *Hummel v. NW Tr. Servs.*, 180 F. Supp. 3d 798, 810 (W.D. Wash. 2016) (internal quotation omitted). "As such, in the absence of a substantive cause of action, the Court cannot grant declaratory relief." *Id.* (citation omitted). Therefore, "[i]n order to be entitled to declaratory relief, [plaintiff] must allege a claim under some substantive law that entitles her to this relief.... Without a valid cause of action or case, [plaintiff] has no claim for declaratory relief." *Robinson v. Wells Fargo Bank Nat'l Ass'n*, No. C17-0061JLR, 2017 WL 2311662, at *6 (W.D. Wash. May 25, 2017). Stated alternatively, "the court cannot grant declaratory relief in the absence of a substantive cause of action.... The Declaratory Judgment Act creates only a remedy, not a cause of action. Plaintiffs might have a claim for declaratory relief if they could properly plead a cause of action that establishes that they have a legal right.... But without such a cause of action, there is no claim for declaratory relief." *Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013) (internal citations omitted).

Here, the Complaint does not allege King County has suffered any injury from the allegedly unconstitutional Ordinance. The Complaint identifies no lawsuit, judgment, verdict, or injunction against King County as a result of their enforcement of the Ordinance – *because King County has refused to enforce it since its very enactment*. Even if they had, it is undisputed that the ILA indemnifies King County enforcement of Burien's ordinances. The only injury alleged is a purported threat not to pay any invoices to King County by Burien. *Dkt* #1 at 16, ¶55. King County does not contend Burien has *actually* failed to pay King County for policing services rendered.[2] Most importantly, however, a failure to pay an invoice under the ILA

---

[2] The Complaint also omits that Burien's warning that it could not make payments if King County continued to unequivocally refuse to comply with the ILA.

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 8**
NO. 2:24-cv-00325-RAJ

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7886540.1

constitutes a contractual dispute between two Washington governmental entities, which does not provide a Court an independent basis for federal court subject matter jurisdiction. Any way the dispute is framed, the dispute returns the question of whether the dispute can, and should, be resolved first by the dispute resolution procedures in the ILA.

Since the only possible case or controversy in existence is a breach of the ILA, which does not provide subject matter jurisdiction under 28 U.S.C. § 1331, there cannot be supplemental jurisdiction under 28 U.S.C. § 1367. Therefore, this Court does not have an independent basis for jurisdiction to hear this lawsuit. This lawsuit should be dismissed.

### D. King County Has the Burden of Demonstrating Standing and Claims that Are Ripe for Adjudication

"The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, *inter alia*, that plaintiffs have standing and that claims be 'ripe' for adjudication." *Chandler*, 598 F.3d at 1121-22 (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)). "Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss." *Id.* (citations omitted). "The closely related doctrines of standing and ripeness arise out of the Article III case or controversy requirement and are intended to 'prevent courts from becoming enmeshed in abstract questions which have not concretely affected the parties.'" *W. Birkenfeld Trust v. Bailey*, 827 F. Supp. 651, 663 (E.D. Wash. 1993) (quoting *Pac. Legal Found. v. State Energy Res.*, 659 F.2d 903, 915 (9th Cir. 1981)). Again, "[t]he party invoking the court's authority has the burden of demonstrating that he or she has standing to bring the action and that the matter is ripe for adjudication." *Birkenfeld Trust*, 827 F. Supp. at 663.

#### 1. King County Has Not Established and Cannot Establish Standing

In order to satisfy the standing requirement for an Article III "case or controversy," a plaintiff must show (1) it personally suffered an "injury in fact," i.e., an invasion of a legally-

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 9**
NO. 2:24-cv-00325-RAJ

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7886540.1

protected interest which is concrete, particularized, and actual or imminent, not conjectural and hypothetical; (2) that the injury is fairly traceable to the defendant's conduct, and (3) that the injury is likely to be redressed by a favorable decision. *Birkenfeld Trust*, 827 F. Supp. at 663 (citing *Lujan*, 504 U.S. at 560-61).

### a. *The Complaint Does Not Establish King County Suffered an Injury*

King County has not alleged, and cannot show, it has suffered an "injury in fact." It is a rule that "'generalized grievances' about the conduct of Government" are insufficient to confer standing to sue, *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217, 94 S.Ct. 2925 (1974), and "the rule that a party 'generally must assert his own legal rights and interests,'" not those "'of third parties,'" *Kowalski v. Tesmer*, 543 U.S. 125, 129, 125 S.Ct. 564 (2004). Here, King County neither suffered an invasion of *its* constitutional rights as a result of the enforcement of an allegedly unconstitutional ordinance, nor has it lost income as a result of its inactions in this instance under the ILA.

The Complaint essentially expresses concerns that unspecified unhoused individuals *may suffer* an invasion of their constitutional rights as a result of how the Sheriff *might enforce* the Ordinance, so King County should be absolved of their contractual responsibility of enforcing the Ordinance enacted by a democratically elected city council. This is a dispute between a legislative body (Burien's City Council), and an agency of its executive (the sheriff's office). Disputes between Burien's legislature and its agencies are properly resolved through internal processes. Though Burien has delegated part of its executive branch to King County, that delegation is governed by the ILA. In addition, King County does not identify any invasion of its own constitutional rights directly. Lastly, the Complaint identifies no secondary liability brought about by enforcing the Ordinance. For example, King County identifies no §1983 claim brought against any of its deputies as a result of the Ordinance. Since enforcement of the Ordinance is left to King County's sheriff, any injury in fact would be caused *by* King County

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 10**
NO. 2:24-cv-00325-RAJ

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7886540.1

not *to* King County. There is no "injury in fact" and so King County has failed to demonstrate standing.

        b. *The Complaint Establishes that Any Injury is Traceable to King County, Not Burien*

Responsibility for enforcing the Ordinance falls on King County through its sheriff's office. Any violation of the constitutional rights of unhoused residents in Burien would therefore fall on King County. However, a litigant cannot "be heard to complain about damage inflicted by its own hand." *Pennsylvania v. New Jersey*, 426 U.S. 660, 664 (1976) (per curiam) *Lujan*, 504 U.S. at 564 n.2 (when "the acts necessary to make the injury happen are at least partly within the plaintiff's own control," courts "have insisted that the injury proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all"); *Mendia v. Garcia*, 768 F.3d 1009, 1013 n.1 (9th Cir. 2014) (holding "self-inflicted injury" insufficient to allege " 'substantial risk' that [] future harm would occur" for standing purposes); *Nat'l Family Planning & Reproductive Health Assoc, Inc. v. Gonzales*, 468 F.3d 826, 831 (D.C. Cir. 2006) ("We have consistently held that self-inflicted harm doesn't satisfy the basic requirements for standing. Such harm does not amount to an 'injury' cognizable under Article III."). As the D.C. District stated, "a plaintiff cannot transform a remote risk into a concrete injury merely by taking steps to avoid that risk; to hold otherwise would eliminate the injury-in-fact requirement entirely because plaintiff's actions are always within plaintiff's control." *Food & Water Watch, Inc. v. Vilsack*, 79 F. Supp. 3d 174, 196 (D.D.C. 2015).

King County has not, and cannot, demonstrate there are now ways to enforce the Ordinance in a constitutionally acceptable manner, and ultimately any enforcement is dependent on King County's own actions, not Burien's. Such self-inflicted harms do not create an injury-in-fact sufficient to create Article III standing.

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 11**
NO. 2:24-cv-00325-RAJ

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7886540.1

### c. *The Complaint Does Not Establish King County Alleged Injury Would be Redressed by a Favorable Ruling in this Case.*

A plaintiff also cannot satisfy the redressability element if it will suffer the claimed injury even if a court rules in its favor. *Lujan*, 504 U.S. at 562. A favorable ruling for King County would simply require King County to comply with the ILA, which is to cooperate with Burien and participate in the ILA's mandatory Oversight Committee process, a remedy sought by Burien in its own ILA Action. A determination that the parties must abide by their contract would instantly deprive the Court of jurisdiction.

### 2. King County Cannot Establish a Ripe Dispute

King County's claims should also be dismissed because its claims are not ripe. It is undisputed the Ordinance has yet to be enforced. It is also undisputed that King County has refused to engage with Burien or the Oversight Committee to establish how the Ordinance can be enforced through the mandatory procedures of the Oversight Committee. Ripeness derives from both constitutional limitations on judicial power and prudential reasons for deciding not to exercise jurisdiction. *See Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993); *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) "[B]ecause the focus of our ripeness inquiry is primarily temporal in scope, ripeness can be characterized as standing on a timeline." *Id.* at 1138. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotation omitted).

### a. *The Complaint Does Not Establish a Case or Controversy*

"[T]he doctrines of standing and ripeness are closely related, but ripeness requires an additional inquiry into the appropriateness of judicial intervention." (Citing *Pac. Legal*, 659 F.2d at 915). "[T]he appropriate standard for determining ripeness of private party contract disputes is the traditional ripeness standard, namely, whether 'there is a substantial controversy, between

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 12**
NO. 2:24-cv-00325-RAJ

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7886540.1

parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Principal Life*, 394 F.3d at 671 (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Ripeness is "peculiarly a question of timing, designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Thomas*, 220 F.3d at 1138 (citations & quotations omitted). If King County fails to meet its burden to demonstrate this case is prudentially ripe, the Court need not address constitutional standing or ripeness. *See Alaska Right to Life Political Action Comm. v. Feldman*, 504 F.3d 840, 849 (9th Cir. 2007).

b. *The Complaint Does Not Establish Prudential Ripeness*

The lack of ripeness here is particularly strong because King County attacks the Ordinance on its face. Such challenges are "disfavored" not only because they are "contrary to the fundamental principle of judicial restraint" and "threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented in a manner consistent with the Constitution," but also because they "often rest on speculation" and require courts to resolve important legal questions prematurely and without sufficient factual context. *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450-51 (2008) (citations & quotations omitted).

This is true because courts "do not decide constitutional questions in a vacuum." *Thomas*, 220 F.3d at 1141 (quotation omitted); *see also Alaska Right to Life*, 504 F.3d at 849 (reversing district court on prudential ripeness grounds for lack of a "concrete factual situation"). A court should entertain questions regarding the Ordinance's legality only at the appropriate time, which is most certainly not before the parties have determined how the Ordinance can and will be enforced and before any facts regarding its application to actual unhoused individuals or campers are available.

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 13**
NO. 2:24-cv-00325-RAJ

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7886540.1

c. *The Complaint Does Not Establish Constitutional Ripeness*

Duly enacted laws, including municipal ordinances, are presumptively valid and constitutional. *Heller v. Doe*, 509 U.S. 312, 320 (1993) *Del Monte Dunes at Monterey, Ltd. v. City of Monterey,* 920 F.2d 1496, 1508 (9th Cir.1990), *see Stale v. Kirwin*, 165 Wn.2d 818, 825, 203 P.3d 1044, 1047 (2009) ("We presume [a municipal] ordinance is valid unless the challenger can prove the ordinance is unconstitutional."). Consequently, the party challenging an ordinance bears the burden of establishing its unconstitutionality, *see City of Tacoma v. Luvene*, 118 Wn.2d 826, 844, 827 P.2d 1374, 1384 (1992), and courts interpret ordinances in a manner that upholds their constitutionality if possible. *See Leonard v. City of Spokane*, 127 Wn.2d 194, 197-98, 897 P.2d 358, 360 (1995).

As the Ninth Circuit recently explained in an order reversing a preliminary injunction enjoining the enforceability of a municipal ordinance, "litigants mounting a facial challenge to a statute normally 'must establish that *no set of circumstances* exists under which the [statute] would be valid.'" *Tucson v. City of Seattle*, 91 F.4th 1318, 1327 (9th Cir. 2024), *quoting United States v. Hansen*, 599 U.S. 762, 769 (2023). The Ninth Circuit noted that "[t]o justify facial invalidation, a law's unconstitutional applications must be realistic, not fanciful, and their number must be substantially disproportionate to the statute's lawful sweep." *Tucson*, 91 F.4th at 1327 – 28, *quoting United States v. Williams*, 553 U.S. 285, 292 (2008)). The "mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." Tucson, 91 F.4th at 1328, *citing Members of City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984).

King County seeks to circumvent this critical step, despite the Complaint acknowledging it has enforced – since 2007 – Burien's earlier ordinances regarding camping in parks, with only one arrest being made since 2018. King County must therefore demonstrate (1) there is no constitutional manner in which the Ordinance can be applied, something that the Complaint does

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 14**
NO. 2:24-cv-00325-RAJ

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7886540.1

not even try to do, and (2) that the manner in which the Ordinance is being enforced is unconstitutional, something that King County cannot do, as they cannot and do not allege it is being enforced in an unconstitutional manner. Unable to do either, the Complaint is not constitutionally ripe and should be dismissed.

          d. *Even if the Court Determines the Dispute is Ripe, It Should Decline Jurisdiction*

Even if the Court concludes there is a ripe dispute, "the Declaratory Judgment Act requires further analysis ... as to whether or not to exercise jurisdiction." *Principal Life*, 394 F.3d at 672 (citation omitted). A district court's discretion to hear declaratory judgment actions over which it has jurisdiction is guided by *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). *Principal Life*, 394 F.3d at 672. "The *Brillhart* factors remain the philosophic touchstone for the district court." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1988). The *Brillhart* factors are non-exclusive and provide that the district court should avoid needless determination of state law issues (here, contractual interpretation of the ILA); discourage litigants from filing declaratory actions as a means of forum shopping; and avoid duplicative litigation. *Id.*; *Principal Life*, 394 F.3d at 672. This declaratory action will not settle any aspects of the alleged *as of yet merely hypothetical* dispute between Burien and King County or serve a useful purpose in clarifying the legal relations at issue.

## E. The Court Does Not Have Jurisdiction to Render an Advisory Opinion as to the Constitutionality of How It Might Enforce the Ordinance

Finally, King County purports to satisfy the case or controversy requirement by seeking a declaration that its interpretation of Ordinance is unconstitutional. Federal courts have uniformly rejected that contention and held that a declaratory judgment suit brought by the government to determine the constitutionality of its own actions does not present a justiciable controversy. *Muskrat v United States,* 219 U S. 346, 361 (1911); *Missouri v Cuffley,* 112 F.3d 1332, 1337 (1997) (" A federal court is neither required nor empowered to wade through a

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 15**
NO. 2:24-cv-00325-RAJ

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7886540.1

quagmire of what-ifs"); *Dixie Electric Cooperative v Alabama Power Co*, 789 F 2d 852, 858 (11th Cir 1986) ("A federal court may not, consistent with the Constitution, entertain a proceeding such as this one, that merely seeks validation of a statutory scheme and allows for the adjudication of potential issues that have not actually arisen."); *International Soc'y for Krishna Consciousness v City of Los Angeles,* 611 F.Supp. 315, 318-19 (CD. Cal. 1984) (holding that declaratory action brought by the City of Los Angeles to determine the constitutionality of a regulation restricting First Amendment activities at the Los Angeles airport did not present a case or controversy with the court's jurisdiction).

Since King County has failed to present an actual case or controversy sufficient to allow this Court to exercise jurisdiction, this Court must dismiss this action.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Burien's Motion to Dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1).

DATED this 23rd day of April 2024.

*s/Daniel A. Brown*
Daniel A. Brown, WSBA #22028
Sumeer Singla, WSBA #32852
Sean D. Leake, WSBA #51451
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
Email: dbrown@williamskastner.com
sleake@williamskastner.com

*Attorneys for City of Burien*

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 16**
NO. 2:24-cv-00325-RAJ

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

7886540.1

# CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Leesa Manion
leesa.manion@kingcounty.gov

Ann M. Summers
ann.summers@kingcounty.gov

Erin Overby
eroverbey@kingcounty.gov

Signed at Seattle, Washington this 23rd day of April, 2024.

*s/Daniel A. Brown*
Daniel A. Brown, WSBA #22028
dbrown@williamskastner.com

*Attorneys for City of Burien*

---

**DEFENDANT CITY OF BURIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) - 17**
NO. 2:24-cv-00325-RAJ

7886540.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600